IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RODERICK WAYNE WILLIS, | : |
| | : |
|   Plaintiff, | : |
| | : |
| vs. | :  Civil Action File No. |
| | :  **7:02-CV-05 (HL)** |
| Warden STEVE LEWIS, et al., | : |
| | : |
|   Defendants. | : |
| | : |

_____

## RECOMMENDATION

Presently pending in this *pro se* prisoner action is a motion for summary judgement filed on behalf of the defendants Al Jones, Ronda Gaines, and Ann Carnegie.  Plaintiff alleges that these defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the Constitution.

While a prisoner at Valdosta State Prison, plaintiff alleges that he received high blood pressure medication incorrectly from September 18, 2001 to September 25, 2001, resulting in plaintiff experiencing headaches, dizziness, shortness of breath, chest pains, numbness, rashes, loss of appetite, sleep disorders, and difficulty in urinating.  Plaintiff alleges that on October 1, 2001, defendants Gaines and Carnegie, members of the nursing staff at Valdosta State Prison, conspired to conceal the fact that he had received a medication mix-up off his medical records. Plaintiff further alleges that defendant Jones, as the Medical Administrator at Valdosta State Prison, failed to obtain an outside medical evaluation to assess plaintiff's health resulting from the medication mix-up.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the

dismissal of factually unsupported claims prior to trial.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris, 941 F.2d at 1505. It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting Horn ex rel. Parks v. Madison Co. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." McElligott v. Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

Defendants have attached pertinent parts of plaintiff's medical records to their motion for summary judgment. These documents show that the medication mix-up was well documented and admitted; it and was even the subject of a grievance filed by plaintiff, which was investigated by officials outside Valdosta State Prison. (Tab 59 Exhibits D-L).

Defendant Jones has stated in his affidavit that he did not request an outside evaluation for plaintiff because there was no indication that plaintiff suffered any detrimental effects as a result of the medication mistake.  Defendants have included pertinent parts of plaintiff's medical records showing that plaintiff's vital signs were normal (Exhibit A) and his blood work was normal (Exhibit B, Jones Affidavit).

   There is absolutely no evidence of a conspiracy to hide the medication error; to the contrary, the evidence shows that the error was thoroughly investigated by officials from outside Valdosta State Prison, and in fact was substantiated as having occurred.  Moreover, it appears that plaintiff was monitored after the medication error to determine if there were any detrimental effects, and none were found.  Therefore, there was no reason for defendant Jones to schedule an outside evaluation.

    Defendants also assert that they are entitled to qualified immunity as established by the United States Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1992). The Court  held that public officials whose positions entail the exercise of discretion enjoy qualified immunity from personal liability in Section 1983 actions. In order to establish this good faith defense, a defendant must show that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. Douthit v. Jones, 619 F.2d 527, 533 (5th Cir.1980)

   The Eleventh Circuit has held that qualified immunity can be stripped only when all reasonable government actors in the defendant's place would know that the discretionary conduct in question violated federal law.  Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1996).  In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state

where the case arose." Wilson v. Strong, 156 F.3d 1131, 1135 (11th Cir.1998) (quoting Jenkins, 115 F.3d at 826 n.4.).

Once properly asserted, there is entitlement to qualified immunity if either (1) the applicable law was not clearly established at the time of the alleged violation, or (2) plaintiff fails to demonstrate the existence of genuine issues of material fact as to whether the official's actions violated the clearly-established law. Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988).

Once an officer or official has raised the defense of qualified immunity, the burden of persuasion as to that issue is on the plaintiff. See, e.g., Suissa v. Fulton County, 74 F.3d 266, 269 (11th Cir.1996); Barnette v. Folmar, 64 F.3d 598, 600 (11th Cir.1995); Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 n. 3 (11th Cir.1994).

Defendant Jones has submitted an affidavit in support of the motion for summary judgement, stating his duties and the duties of both Carnegie and Gaines. (Tab 59 affidavit 1) Defendants were clearly acting within their discretionary authority. The burden now falls upon the plaintiff to show that defendants conduct violated clearly established law.

It is well settled that deliberate indifference to a serious medical need can violate the Eighth Amendment to the Constitution. Estelle v. Gamble, 429 U.S. 97 (1976). However, plaintiff has failed to show that defendants' actions were not objectively legally reasonable under the circumstances of this case.

Plaintiff has not responded to this motion for summary judgment. Much more than a bare assertion of a constitutional violation is required to negate a properly supported motion for summary judgment. Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985); Brown v. Thompson, 868 F. Supp. 326, 328 ( S.D. Ga. 1994).

Consequently, defendants are entitled to qualified immunity from suit in this case.

***Conclusion***

Therefore, it is the RECOMMENDATION of the undersigned that the motions for summary judgment filed on behalf of defendants  be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7th  day of September, 2005.

//S Richard L. Hodge          
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd